# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**DERRICK RENARD JOHNSON**                                                     **PLAINTIFF**

**V.**                                                              **NO. 2:10CV100-P-D**

**KEMP, et al.**                                                         **DEFENDANTS**

## MEMORANDUM OPINION

The court, *sua sponte*, takes up the dismissal some of the Plaintiff's claims filed pursuant to 42 U.S.C. § 1983. The court finds that the Plaintiff has failed to state a claim upon which relief may be granted and dismissal of some of the claims is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

The Plaintiff complains generally about the conditions at the De Soto County Jail where he is currently being held. The Plaintiff takes issue with the lack of hygiene products, cleaning supplies, hot water and clean clothing. He also complains about the quality and handling of the food. A more serious claim concerns the beating of other inmates. The Plaintiff alleges that he witnessed three inmates being beaten by jailors which has caused him to fear for his own safety and to have nightmares. For these perceived transgressions, the Plaintiff is seeking monetary damages.

### Physical Injury Required for Damages

Federal courts are permitted to "pierce the veil" of a prisoner's *in forma pauperis* complaint reviewing "factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Complaints about prison conditions are analyzed under the Eighth Amendment which prohibits cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). The Eight Amendment does not mandate comfortable prisons; nevertheless, it does not permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). A prisoner plaintiff seeking relief under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. 42 U.S.C. § 1997e(e)*; Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). In the absence of any definition of

"physical injury" in 42 U.S.C. § 1997e(e), the well established Eighth Amendment standards guide the analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim arising out of conditions of his confinement. That is, the injury must be more than *de minimis*, but need not be significant. *See id.*; *see also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days — was *de minimis*).

The Plaintiff's only stated "injury" is his own conclusion that he has suffered emotional distress as a result of having witnessed the purported beating of other inmates. The Plaintiff may not recover damages for emotional distress absent a physical injury. Since the Plaintiff has not alleged even a *de minimis* injury, he has, therefore, failed to state a claim for an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). Therefore, his claim for damages related to witnessing an assault on other inmates will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## Food Handling

A state's duty to provide for inmate's "basic human need–*e.g.*, food, clothing, shelter, medical care, and reasonable safety" flows from the Eighth Amendment's prohibition against cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 32, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993). When an inmate alleges an Eighth Amendment violation, the appropriate inquiry in such circumstances is whether prison officials exhibited "deliberate indifference" to a known substantial risk to inmate's health or safety. The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979, 128 L. Ed. 2d 811 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a

constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986).

The Fifth Circuit has held, albeit in an unpublished opinion, that negligent management of food services within a prison does not state a constitutional claim. *Flowers v. Dent*, 1994 WL 171707, 21 F.3d 1109 (5th Cir. 1994). The unsanitary conditions complained of in *Flowers* included filth, rodent droppings, rodent and insect infestation. *Id.* at *1. The *Flowers* court refused to accept the inmate's argument that spoiled food was served purposely for punishment. *Id.* at *3. Despite the deplorable conditions, the court held that mere negligent food service management was not a constitutional violation. *Id.*

In *Hooks v. Dallas County Sheriff*, 1993 WL 82390 at *1, 988 F.2d 1213 (5th Cir. 1993), another unpublished opinion, the Fifth Circuit held that an inmate failed to state a constitutional claim after he became physically ill from eating "bad peas." The court found that the negligent serving of "bad peas" did not rise to the level of cruel and unusual punishment. *Id.* at *1. Discussing the allegation of prolonged internal stomach injuries, the court rejected Hooks' claim and further found that it was "factually frivolous." *Id.* Also in an unpublished opinion cited by both *Flowers* and *Hooks*, the Fifth Circuit ruled that improper food handling amounted to no more than negligence. *See Flowers*, 1994 WL 171707 at *2; *Hooks*, 1993 WL 82390 at *1 (both citing *Berry v. Griffith*, No. 91-5078 (5th Cir. Apr. 22, 1992)).

Such appears to be the case here. The Plaintiff contends generally that food is being mishandled but fails to allege anything more than possible board-line negligent conduct. Accepting as fact that serving trays are not pristine, food is not covered while being transported, and is served by a trustee, at best amounts to only "mishandling" or "mismanagment" rather than purposeful or wanton conduct. The Plaintiff's accusations fall far short of the egregious unsanitary conditions described in *Flowers* or *Hooks* both of which were found insufficient to state a violation of the Eighth Amendment. In accordance with the Fifth Circuit's previous holdings, the court finds that the food handling and service at De Soto County Jail as described by the Plaintiff is insufficient to

3

state a claim. Therefore, the Plaintiff's claim regarding food handling and service shall be dismissed.

## Conclusion

The Plaintiff's claim for emotional distress allegedly caused by witnessing the beating of other inmates shall be dismissed. The Plaintiff's claim regarding food handling and service at De Soto County Jail shall also be dismissed. The only remaining claim is that regarding the lack of hygiene items, clean clothing and hot water. A hearing shall be set by further order of the court regarding only this claim.

A final judgment shall issue in accordance with this opinion.

THIS the 13th day of July, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE