IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**DERRICK RENARD JOHNSON**            **PLAINTIFF**

v.            No. 2:10CV100-P-V

**LIEUTENANT KEMP, ET AL**            **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter comes before the court on the defendants' Motion for Summary Judgment [42] of October 12, 2011. The matter has been assigned to the undersigned United States Magistrate Judge for issuance of a report and recommendation.

The court explained the summary judgment procedure to the *pro se* prisoner plaintiff through its order of October 20, 2011. That order also extended Johnson's deadline to respond until thirty days from its entry. The plaintiff has not responded to the motion, and the deadline to do so has expired. For the reasons set forth below, the instant motion for summary judgment will be granted and judgment entered in favor of all defendants.

### I. Introduction

The plaintiff, Derrick Johnson, brings this conditions-of-confinement claim against Defendants Lieutenant Kemp, Lieutenant Stewart, and Sergeant Griffin alleging lack of hygiene items, clean clothing, and hot water. Johnson claims these grievances have gone unanswered and that he became ill on several occasions as a result. He further brings a claim against the supervisory officers for various acts and omissions of their subordinates. However, as Johnson (1) has failed to exhaust the administrative remedies required by the Prison Litigation Reform Act ("PLRA"); (2) has claimed no more than a *de minimus* physical injury regarding his

conditions-of-confinement claim; and (3) is prohibited from bringing suit against supervisory officers under a theory of respondeat superior, I recommend that all of his claims be dismissed.

## II. Allegations

Johnson alleges that his personal hygiene items were taken from him upon transfer from the Shelby County Jail to the Desoto County Jail. He was, however, told that the DeSoto County Jail would issue him soap, toothpaste, a face towel, shower shoes, a blanket, a large towel, and a laundry bag. Despite these promises, he received only a blanket, shower shoes, and a jumpsuit. After requesting the remaining items promised, jail staff told him there were none. Johnson waited about two weeks, then purchased "everything he needed" from the canteen. He also believes that he faced a health hazard from uniforms, underclothes, and towels that were washed in the same machine as mops; a lack of proper cleaning supplies for his personal jail cell; and that hot showers were not available for about two months near the end of 2009. Finally, Johnson claims he has filed several grievances while at the Desoto County Jail which prison staff never answered.

## III. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S. Ct. 2548 (1986). A judge's function at the summary judgment stage is not for himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is

sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986). Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id*. "With regard to 'materiality,' only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company, v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial." *See Celotex*, 477 U.S. at 323. *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

    The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. The material facts necessary to determine the instant summary judgment motion are very narrow, as shown by the brief itemization of the material and undisputed facts submitted together with the Defendants

Motion for Summary Judgment.

## IV. Discussion

### 1. Exhaustion Under 42 U.S.C.§ 1997e(a)

Johnson must exhaust all administrative remedies regarding his 42 U.S.C. § 1983 claims under the exhaustion requirement of the Prison Litigation Reform Act 42 U.S.C. § 1997e(a) (*"No action shall be brought with respect to prison conditions under §1983 of this title. . . until such administrative remedies as are available are exhausted."*)  Failure to exhaust available administrative remedies precludes relief under the Prison Litigation Reform Act, even when the remedies do not include monetary compensation.  *Booth v. Churner*, 532 U.S. 731 (2001).

In the present case, the Desoto County Adult Detention Center had an adequate administrative remedy procedure, and Johnson knew about the procedure.  He received an inmate policy handbook as well as information about the grievance procedure.  Nonetheless, the jail has no record that Johnson filed any grievances.  As the exhaustion requirement is mandatory for all claims, Johnson's allegations should be dismissed for failure to exhaust this remedy.

### 2. Eighth Amendment

The Eighth Amendment prohibition against cruel and unusual punishment affords inmates a measure of protection from "conditions so serious as to deprive [them] of the minimal measure of life's necessities." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).  To move forward with an Eighth Amendment conditions of confinement claim, Johnson must allege facts suggesting that the defendants' conduct resulted in "conditions which [posed] an unreasonable risk of damage to [Johnson's] future health." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir.2001).  The "risk must be of such a level that today's society would not tolerate it." *Id.*  In

addition, he must plead facts showing: (1) that the deprivations are sufficiently serious; and (2) that the prison officials knew of the deprivations but remained deliberately indifferent to the Johnson's health or safety. *Id.*; *see also Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998). To apply this standard, the court must first determine whether the defendants' actions were objectively unreasonable in light of the law as it existed at the time the conduct occurred and in light of the information that they possessed. *Anderson*, 483 U.S. at 639-640; *Valencia v. Wiggins*, 981 F.2d 1440, 1448 (5th Cir.), cert. denied, 509 U.S. 905 (1993).

Johnson's allegations arise from two separate incarcerations at the Desoto County Jail: first, July 23, 2009, to December 4, 2009, and, second, March 30, 2010, to September 8, 2010. During the July 23 to December 4 time period, Johnson received generic cough medicine for a period of seven days. He also received Keflex, an antibiotic, for a ten days. In addition, he received triamcinolone cream (a topical anti-inflammatory) for one day upon his admission to the Desoto County Jail on July 23. Finally, on October 20, 2009, Johnson complained of headaches and dizziness.

With regard to the second period of incarceration, the April 6, 2010, medical records reflect a slight swelling in Johnson's right eye, and was treated with stye ointment. On May 18, 2010, medical records reflect a red and swollen throat, and Johnson received Keflex and Benadryl.

In this case, Johnson alleges he was deprived of soap and a washcloth for nine days; that his uniform was sometimes not completely dry; that he was not allowed to clean his cell and toilet as often as he would have liked and took , and that the showers had no hot water for a time. These conditions do not constitute an Eighth Amendment violation. "[E]xtreme deprivations are

required to make out a conditions-of-confinements claim," and if they cannot be made, the court need not reach the subjective component. *Davis*, 157 F.3d 1003, 1006 (5th Cir.1998), citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). I therefore conclude that Johnson has not satisfied the "objective" portion of the two-part test for a conditions claim requiring "extreme deprivation" and recommend that these claims be dismissed. As Johnson has not satisfied the first portion of the general conditions of confinement test, the court will not address the second portion of the test, deliberate indifference.

Under these facts, Johnson never faced substantial risk of serious harm. His injuries, if any, were *de minimus*. Indeed, conditions of confinement in the Desoto County Jail met or exceeded the requirements of the Eighth Amendment under a totality of the circumstances analysis. As a result, the defendants' request for judgment as a matter of law should be granted.

### 3. *Repondeat Superior*

Johnson also appears to seek relief as to defendants, Lt. Barry Kemp, Lt. Brenda Stewart, Sgt. Mark Griffis, and Sgt. Sharon Brock because they hold authority over others at the jail. However, supervisory officials may not be held liable for their subordinates' actions under a theory of vicarious liability. *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985) (per curiam). Instead, "[s]upervisory officials may only be held liable if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir.), cert. den. 113 S.Ct. 2443 (1992).

Johnson does not contend that these named defendants actually committed the acts of which he complains. Johnson named sergeants and lieutenants, and he contends that they are

liable because they are "responsible" for the officers who committed the alleged infractions of not providing Johnson with enough personal hygiene products and adequate cleaning supplies. However, there is no liability under §1983 based upon a theory of *respondeat superior*. *Monell v. Department of Social Services*, 436 U.S. 658, 691-95 (1978). Government officials may not be held liable for the unconstitutional conduct of their subordinates under a "supervisory liability" or *respondeat superior* theory. *Ashcroft v. Iqbal, et al*, ---U.S. ----,----, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009), citing *Monell*, 436 U.S. at 691. Each government official, through his own individual actions, must have violated the Constitution; officials are not accountable under 42 U.S.C. § 1983 for the misdeeds of their agents. *Id.* at 1948-49. Absent vicarious liability, each government official is liable for only for his own misconduct. *Id*. Finally, Johnson has not identified any policies or procedures of the Desoto County Detention Facility that violated the Eighth Amendment prohibition against cruel and unusual punishment or caused him any harm. For these reasons, I respectfully recommend that the court grant the defendants' motion for summary judgment and enter judgment in favor of the defendants.

## V. Handling of Objections

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings

and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 30th day of January, 2012.

        /s/   Jane M. Virden
        UNITED STATES MAGISTRATE JUDGE